### BETHUNE *vs*. BERRY.

1. Where evidence which was admissible for the purpose of impeaching a witness was offered, and objection was made to it, there was no error on the part of the court in stating that the evidence was offered for the purpose of impeaching such a witness, and that it was admissible for that purpose.
2. Suit was brought by Berry against Bethune for $627, besides interest. The plaintiff testified that one McDonald was indebted to him in that sum; that he, Bethune and McDonald agreed that Bethune should take a certain stock of goods belonging to McDonald, sell them, and out of the first money received on account of them pay the debt which McDonald owed to Berry. There was also testimony that the goods were billed to Bethune at $2,500; that he went into possession on April 4, 1884; that he put a boy in charge of the store, and he himself attended there almost every day until he sold the stock to one Turner for $1,500, on June 1, 1884, and that Turner had paid Bethune $650:

*Held*, that there was sufficient evidence to warrant the jury in finding for the plaintiff the full amount of his claim with interest; and although this amounted to $709.65, the jury could have reasonably inferred that during the two months prior to the sale to Turner, Bethune sold enough of the goods to make the difference.

April 27, 1886.

Practice in Superior Court.   Witness.   Before Judge WILLIS.   Muscogee Superior Court.   November Term, 1885.

Reported in the decision.

W. A. LITTLE, for plaintiff in error.

GOETCHIUS & CHAPPELL; CHARLTON E. BATTLE; SMITH & RUSSELL, for defendant.

BLANDFORD, Justice.

Berry sued Bethune for $627.00, and declared that one McDonald being indebted to him in that sum, Berry, Bethune and McDonald agreed that Bethune should take a certain stock of goods belonging to McDonald, sell the

same, and out of the first money received by Bethune on account of said goods, pay the debt which McDonald owed Berry; that the goods were transferred to Bethune, and that he had collected a sufficient sum from the sale of the goods to pay Berry's debt.

The evidence showed that the goods were billed to Bethune at $2,500; that he went into possession of the goods April 4th, 1884; that he put a boy in charge of the store, and he himself attended there nearly every day until he sold the stock to one Turner for $1,500. This took place 1st June, 1884. Turner had paid Bethune $650 for the stock. There was no evidence as to what amount Bethune had received between 4th April and the first of June, although Bethune was on the stand as a witness.

Berry testified to the contract between himself, Bethune and McDonald as stated in his declaration. Bethune denied any such contract, and as to this the parties were squarely at issue.

On the trial of the case, Bethune introduced the depositions of McDonald, which had been taken at the instance of Berry, who declined to use them on the trial, and he testified that there was no such contract as insisted by Berry. Berry tendered and offered to read in evidence a letter written to him by McDonald, in which he stated that there was such a contract. Bethune's attorney objected to the reading of the letter in evidence. Thereupon the court stated to counsel that the evidence was offered to impeach McDonald, and that it was admissible for that purpose. This statement of the court to counsel in the hearing of the jury is assigned as error.

1. We see no objection to the course pursued by the court; it is every day's practice, besides it is correct. If it hurts the plaintiff in error it was caused by the objection to proper evidence, and the party must abide all the consequences of his own act.

2. The next assignment is that the verdict is too large, as the proof showed that Turner had paid Bethune only

$650, and the verdict being for $709.* But the testimony shows that Bethune kept the store open for two months before he sold the stock to Turner; the jury could have reasonably inferred that Bethune during this time had sold $59 of the goods and have received the money.

Judgment affirmed.

---

*The verdict found for the plaintiff $627.00, with interest from June 1, 1884.